RUSSUL, a California corporation, Plaintiff—Appellant,

v.

**ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, INC., a New York corporation, Defendant—Appellee.**

No. 06–55154.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.*

Filed Oct. 25, 2007.

David B. Boros, Esq., Irvine, CA, for Plaintiff–Appellant.

Gerald L. Gorman, Kaye Rose & Partners, San Diego, CA, B. Otis Felder, Esq., Kaye Rose & Partners, Los Angeles, CA, for Defendant–Appellee.

Before: KOZINSKI, TASHIMA, and McKEOWN, Circuit Judges.

MEMORANDUM **

Plaintiff Russul Corporation appeals the district court's order of December 28, 2005, transferring this case to the United States District Court for the Southern District of New York. We have no jurisdiction

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

over this appeal under 28 U.S.C. § 1292(a)(3). *See Gave Shipping Co. v. Parcel Tankers, Inc.*, 634 F.2d 1156, 1157 (9th Cir.1980) (holding that there is no appellate jurisdiction under 28 U.S.C. § 1292(a)(3) over orders that do not determine "the rights and liabilities of the parties").

DISMISSED.

TASHIMA, Circuit Judge, dissenting:

Because this is an appeal from the grant of summary judgment to defendants, we must construe the record in the light most favorable to plaintiffs. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002). Read in that light, the record discloses an issue of material fact which bars the grant of qualified immunity.

When Officer Derrick Carter opened the door separating him and plaintiffs' decedent, Robert Ryan Holter, Holter was in a crouching position near the door. As the door opened, Holter fell out through the doorway, either because he was leaning against the door or simply because he lost his balance. Holter did not scream nor did he do anything to indicate that he might attack Officer Carter. He simply fell forward into the doorway as the door was opened. As Holter fell, Carter fired two shots and killed Holter. The forensic evidence revealed that one bullet entered Holter's chest in a downward trajectory and the second entered his lip, consistent with Holter being shot while falling. Given these facts, which we must accept as true at this stage of the case, I cannot agree with the majority's conclusion that "Officer Carter's actions were reasonable under the circumstances, and therefore did not constitute unreasonable use of force in violation of the Fourth Amendment."

These facts do not objectively amount to reasonable cause to believe that the suspect was initiating an attack or otherwise justify the use of deadly force. Thus, I conclude that Holter's Fourth Amendment rights were violated. *See, e.g., Brosseau v. Haugen,* 543 U.S. 194, 197, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) ("Specifically with regard to deadly force, we explained in *[Tennessee v.] Garner* [471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) ] that it is unreasonable for an officer to 'seize an unarmed, nondangerous suspect by shooting him dead.' "). Because Holter's clearly established Fourth Amendment right not to be subjected to deadly force was violated, I would reverse the grant of summary judgment on qualified immunity grounds and remand for trial.

I respectfully dissent.